UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MELISSA RYAN AUTRY,

Case No. 13-15009

Plaintiff,

Paul D. Borman
v.                                                          United States District Judge

R. Steven Whalen
COMMISSIONER OF                                      United States Magistrate Judge
SOCIAL SECURITY,

Defendant.

_____/

OPINION AND ORDER
(1) DENYING PLAINTIFF'S OBJECTIONS (ECF NO. 18); (2) ADOPTING THE
MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION (ECF NO. 17);
(3) GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (ECF NO. 15);
AND (4) DENYING PLAINTIFF'S MOTION FOR REMAND (ECF NO. 11)

On December 31, 2014, Magistrate Judge R. Steven Whalen issued a Report and

Recommendation addressing the outstanding motions in this action. (ECF No. 17).  In the Report

and Recommendation, the Magistrate Judge suggests that this Court deny Plaintiff Melissa Ryan

Autry's motion for remand.  (ECF No. 11).  Further, the Magistrate Judge recommends that this

Court grant Defendant Commissioner of Social Security's motion for summary judgment. (ECF No.

15).

Now before the Court is Plaintiff's Objections to the Magistrate Judge's Report and

Recommendation. (ECF No. 18).  Having conducted a *de novo* review of the parts of the Magistrate

Judge's Report and Recommendation to which objections have been filed pursuant to 28 U.S.C.

636(b)(1), the Court will deny Plaintiff's Objections, adopt the Magistrate Judge's Report and

Recommendation, deny Plaintiff's motion for remand, and grant the Defendant's motion for

summary judgment.

## I. BACKGROUND

The Administrative Law Judge's ("ALJ") findings and the pertinent portions of the Administrative Record are accurately and adequately set forth in the Magistrate Judge's Report and Recommendation and the Court adopts them here. (ECF No. 17, Report and Recommendation at 1-13). Briefly, the Plaintiff filed for Supplemental Security Income ("SSI") and Disability Insurance Benefits ("DIB") on February 9, 2012, alleging disability due to depression, anxiety, and an "impulse control disorder" with a disability onset date of April 1, 2011. (Tr. 147, 154, 171). One year after her onset date in April 2012, Plaintiff suffered a seizure, and thereafter amended her application to add seizures with spinal injury and memory problems. (Tr. 19, 57-60, 369).

Plaintiff's applications for benefits were denied and she requested a hearing before an Administrative Law Judge ("ALJ"). (Tr. 40). The hearing was held on October 23, 2012, before ALJ Mary Ann Poulose; Plaintiff was represented by counsel, and a Vocational Expert ("VE") testified at the hearing. (Tr. 67-69). Plaintiff was 33 years old at the time of the administrative hearing and left school before the end of 10th grade. She worked previously as a fast food worker, babysitter, and telemarketer. (Tr. 45, 172, 177). Plaintiff lived in an apartment with her two children, ages nine and six, one of whom she described as a special needs child. (Tr. 45-46).

On November 28, 2012, the ALJ issued a written decision finding that Plaintiff was not disabled. (Tr. 13-37). The ALJ concluded in her decision that Plaintiff suffered from the severe impairments of mild major depressive disorder, anxiety/panic disorder, seizure disorder, and obesity. (Tr. 18-19). The ALJ also determined that the Plaintiff's claims of low back pain and fibromyalgia syndrome were not severe impairments under the Regulations. (Tr. 19-22). The ALJ then

determined that the Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments, specifically the listings regarding Affective disorders (12.04), and Anxiety-related disorders (12.06).  (Tr. 22-24).  The ALJ did find that Plaintiff experienced mild impairment in activities of daily living, social functions, and moderate limitation in "concentration, persistence, or pace".  (Tr. 23).

In light of the entire record, and specifically incorporating limitations to accommodate her obesity, subjective complaints of low back pain, and her mental limitations due to mild depressive disorder and anxiety, the ALJ determined that the Plaintiff had the residual functioning capacity ("RFC") to perform:

> a full range of work at all exertional levels but with the following nonexertional limitations: the claimant is limited to simple, routine, unskilled work activity with occasional coworker interaction and no public interaction, that involves only occasional climbing, crouching, crawling, stooping and kneeling, and that does not expose the claimant to occupational hazards such as unprotected heights, moving machinery, or commercial driving.

(Tr. 24, 24-31).  The ALJ then concluded that considering Plaintiff's age, education, work experience, and residual functional capacity, and relying upon the testimony of the VE, a significant number of jobs existed in the national economy that Plaintiff was capable of performing the exertionally light, unskilled work of a housekeeper, mail room clerk, and office helper. (Tr. 32, 68). Therefore, the ALJ determined that Plaintiff was not disabled.  (Tr. 32-33).

Plaintiff appealed the ALJ's decision. On October 28, 2013, the Appeals Council denied her request for review, and the ALJ's decision became the agency's final decision.  (Tr. 1-7). Thereafter, Plaintiff timely filed the instant federal action seeking judicial review of the Defendant's decision. (ECF No. 1).  Plaintiff filed a Motion for Remand pursuant to both the Fourth and Sixth Sentence of 42 U.S.C. § 405(g).  (ECF No. 11).  Defendant also filed a Motion for Summary

Judgment to which Plaintiff filed a response.  (ECF Nos. 15, 16).

On December 31, 2014, the Magistrate Judge issued a Report and Recommendation which recommended denying Plaintiff's motion for remand and granting Defendant's motion for summary judgment.    (ECF No. 17).    Thereafter, Plaintiff filed her Objections to the Report and Recommendation.  (ECF No. 18).

## II. STANDARD OF REVIEW

Where a party has objected to portions of a Magistrate Judge's Report and Recommendation, the Court conducts a *de novo* review of those portions.  FED. R. CIV. P. 72(b); *Lyons v. Comm'r of Soc. Sec.*, 351 F. Supp. 2d 659, 661 (E.D. Mich. 2004).  In reviewing the findings of the ALJ, the Court is limited to determining whether those findings are supported by substantial evidence and made pursuant to proper legal standards.  *See Rogers v. Comm'r of Soc. Sec*., 486 F.3d 234, 241 (6th Cir. 2007) (citing  42 U.S.C. § 405(h)); *see also Cutlip v. Sec't of Health and Human Servs*., 25 F.3d 284, 286 (1994) ("Judicial review of the Secretary's decisions is limited to determining whether the Secretary's findings are supported by substantial evidence and whether the Secretary employed the proper legal standards.").  Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"  *Kyle v. Comm'r of Soc. Sec.*, 609 F.3d 847, 854 (6th Cir. 2010) (quoting *Lindsley v. Comm'r of Soc. Sec*., 560 F.3d 601, 604 (6th Cir. 2009)); *see also McGlothin v. Comm'r of Soc. Sec*., 299 F. App'x 516, 522 (6th Cir. 2008) (recognizing that substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.") (internal quotations omitted).  "If the Commissioner's decision is supported by substantial evidence, we must defer to that decision, 'even if there is substantial evidence in the record that would have supported

4

an opposite conclusion.'"   *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007) (quoting

*Longworth v. Comm'r of Soc. Sec. Admin.*, 402 F.3d 591, 595 (6th Cir. 2005)).

Only those objections that are specific are entitled to a *de novo* review under the statute.

*Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986).   "The parties have the duty to pinpoint those

portions of the magistrate's report that the district court must specially consider."   *Id*. (internal

quotation marks and citation omitted).   A non-specific objection, or one that merely reiterates

arguments previously presented, does not adequately identify alleged errors on the part of the

magistrate judge and results in a duplication of effort on the part of the district court: "A general

objection to the entirety of the magistrate's report has the same effects as would a failure to object.

The district court's attention is not focused on any specific issues for review, thereby making the

initial reference to the magistrate useless."   *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d

505, 509 (6th Cir. 1991).

This Court does not "try the case de novo, nor resolve conflicts in the evidence, nor decide

questions of credibility."   *Cutlip*, 25 F.3d at 286.   Indeed, "[i]t is of course for the ALJ, and not the

reviewing court, to evaluate the credibility of witnesses, including that of the claimant."   *Rogers*,

486 F.3d at 247; *see Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 542 (6th Cir. 2007) (providing that

the "ALJ's credibility determinations about the claimant are to be given great weight, 'particularly

since the ALJ is charged with observing the claimant's demeanor and credibility.") (citation

omitted)).

### III. ANALYSIS

Plaintiff has set forth two enumerated objections to the Magistrate Judge's Report and

Recommendation.   The Court will address each in turn.

A.      Objection Regarding Hypothetical Question Posed to the VE

Plaintiff first generally objects to the Magistrate Judge's conclusion that the ALJ did not err in by failing to include certain limitations in Plaintiff's RFC and the hypothetical posed to the VE. (Obj., at 1-2). More specifically, the Plaintiff appears to be arguing that the Magistrate Judge erred in concluding that the ALJ's hypothetical question and the ALJ's residual functional capacity properly reflected all of Plaintiff's limitations. Plaintiff contends that Magistrate Judge, similar to the ALJ, ignored portions of the record that substantiate and relate to Plaintiff's alleged physical limitations.

The Court first notes that Plaintiff's objection is merely a recitation of the arguments that Plaintiff presented to the Magistrate Judge and constitutes a general argument that the Magistrate Judge came to the wrong conclusion. *See Howard*, 932 F.2d at 509. Regardless, the Court finds that Plaintiff's objection is without merit.

The Sixth Circuit has recently explained:

> In order for a vocational expert's testimony in response to a hypothetical question to serve as substantial evidence in support of the conclusion that a claimant can perform other work, the question must accurately portray a claimant's physical and mental impairments." *Ealy* [*v. Comm'r of Soc. Sec.*, 594 F.3d 504, 516 (6th Cir. 2010)]. It is reversible error for the ALJ to inadequately describe the claimant's RFC. *Id*. at 516.

*Blankenship v Comm'r of Soc. Sec.*, --- Fed. App'x ---, No. 14-2464, 2015 WL 5040223, at *8 (6th Cir., August 26, 2015). However, "when formulating a hypothetical question, an ALJ is only required to incorporate those limitations he has deemed credible." *Gant v. Comm'r of Soc. Sec.*, 372 F. App'x 582, 585 (6th Cir. 2010) (citing *Stanley v. Sec'y of Health and Human Servs.*, 39 F.3d 115, 118-19 (6th Cir. 1994)); *see also Turcus v. Soc. Sec. Admin.*, 110 F. App'x 630, 633 (6th Cir. 2004) ("The ALJ is not obligated to include unsubstantiated complaints and restrictions

in his hypothetical questions.").

Here, Plaintiff argues that the Magistrate Judge and the ALJ ignored certain pertinent objective evidence that supported her allegations of low back pain. Therefore, Plaintiff argues that the ALJ's RFC and her hypothetical to the VE were incomplete and the VE's testimony could not be considered substantial evidence upon which the ALJ could rely. To this end, Plaintiff relies exclusively upon an MRI of Plaintiff's lumbar spine from June 2012 which showed mild degenerative changes at L4-L5 with "some disc desiccation and slight disc space narrowing", and mild to moderate degenerative changes at L5-S1 "with disc desiccation, disc space narrowing and some reaction at the adjacent vertebral endplates". (Tr. 343). Plaintiff contends that these findings constituted an objective diagnostic test result that supported her allegations of low back pain.

However, as the Magistrate Judge accurately concluded "the ALJ's reasons of omitting a number of the professed limitations from [the] hypothetical question and RFC are well articulated and supported by the transcript." (R&R, at 16). Indeed, the ALJ acknowledged all of the objective test results regarding Plaintiff's back in her decision. The ALJ noted that both the dorsal and lumbar x-rays of her back were "negative", and her physical examination in May 2012 showed she had symmetrical strength in her upper and lower extremities, her sensation was intact, and her reflexes were active. (Tr. 19). The ALJ also noted the June 2012 MRI findings and explained the "lumbar spine MRI merely showed a small broad based central disc herniation at L5-S1 that did not appear large enough to cause significant pathology. A thoracic spine MRI was essentially normal, showing only a small bu[lg]e of disc material at T7-T8. " (Tr. 19).

While the Plaintiff argues that her June 2012 MRI findings are objective medical findings that support her complaints of lower back pain; the ALJ relied upon the radiologist's diagnosis or "impression" from that exact MRI in her decision. While true that the June 2012 MRI notes that there is a herniation at L5-S1 and mild to moderate degenerative changes, the radiologist opined that the findings only showed a "small broad-based central disc herniation at L5-S1 which does not appear to be large enough to cause significant pathology at this time." (Tr. 343). The ALJ did not misconstrue the record but in fact relied upon the diagnosis from the radiologist. Further, the ALJ's treatment of the June 2012 lumbar spine MRI was consistent and supported by other facts in Plaintiff's medical record, including Plaintiff's neurologist's, Mohammed M. Al-Qasmi, M.D., interpretation of the same MRI, wherein he concluded that the MRI showed "a very tiny broad-based central disk herniation at L5-S1 which does not appear to be large enough to cause any significant pathology." (Tr. 357). Further, during a physical examination in August 2012, Plaintiff was able to heel and toe walk, squat and arise without difficulty, and walk without a limp. (Tr. 466).

Plaintiff also argues that the ALJ erred in creating her RFC and in turn the hypothetical posed to the VE by not relying upon a July 26, 2012 medical needs form authored by Gary Tamez, D.O. and Jennifer Johnson, P.A. (Tr. 409-10). The July 2012 medical needs form set forth that Plaintiff could only occasionally lift 10 pounds (but never more) and could only stand or walk less than two hours a day and needed assistance with bathing, meal preparation, shopping, laundry and housework. (Tr. 409-10). The ALJ declined to assign the form any weight for the reason that the "medical evidence does not support the limitations marked". (Tr. 22). The ALJ noted that "the form does not include objective findings or a narrative explanation

8

regarding the rationale beyond these limitations, rendering the overall opinion not particularly

persuasive." (*Id*.).  The ALJ also noted that Dr. Tamez had only treated the Plaintiff once after

her seizure and that physical examination was normal.  Moreover, Johnson's notes evidenced

that Plaintiff had subjective complaints of tenderness "but objectively normal range of motion

and strength."  (*Id*.).

Plaintiff argues simply that the June 2012 MRI supported the restrictions set forth in the

medical needs statement.  Even assuming that the June 2012 MRI offered support for the

medical needs statement, which on its face is a questionable contention, the ALJ articulated a

number of reasons that she gave no weight to the medical needs statement including the fact the

statement was cursory, and had no citation or narrative to any supporting medical evidence, the

fact that the statement provided that Plaintiff's ability to work was noted to be dependent on

further "work-up" and pain management, and the fact that Dr. Tamez had only seen Plaintiff

once and her examination with Johnson revealed only subjective complaints of tenderness but

normal range of motion and strength.  (Tr. 22).  Plaintiff has not attempted to counter these

arguments and they remain well reasoned and persuasive.

Therefore, the Court finds that the ALJ's reasons for omitting certain limitations from her

RFC are well articulated and supported by "substantial evidence" in the record.  Further, the

Court notes that an ALJ's decision cannot be reversed merely because there exists some other

evidence in the record that might support a different conclusion.  *See McClanahan v. Comm'r of*

*Soc. Sec*., 474 F.3d 830, 833 (6th Cir. 2006) ("'The findings of the Commissioner are not subject

to reversal merely because there exists in the record substantial evidence to support a different

conclusion ... This is so because there is a 'zone of choice' within which the Commissioner can

act without the fear of court interference.'" (citation omitted)).  Accordingly, Plaintiff's

objection regarding the hypothetical posed to the VE is denied.[1]

B.      Objection Regarding Entitlement to Remand Pursuant to Sentence Six

Plaintiff also objects to the Magistrate Judge's Report and Recommendation arguing that

he erred in finding that her medical records postdating the November 28, 2012 administrative

decision did not support a remand pursuant to Sentence Six of 42 U.S.C. § 405(g).

As correctly noted by the Magistrate Judge, a remand pursuant to Sentence Six allows a

district court to remand a case "for further administrative proceedings in light of the evidence, if

a claimant shows that the evidence is new and material, and that there was good cause for not

presenting it in the prior proceeding." *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001).  The

plaintiff bears the burden to establish all three requirements. *Id*.  Evidence is considered "new"

only if it was "not in existence or available to the claimant at the time of the administrative

proceeding." *Id*. (citing *Sullivan v. Finkelstein*, 496 U.S. 617, 626 (1990)).   The evidence is

considered "material" only when there is "a reasonable probability that the Secretary would have

reached a different disposition of the disability claim if presented with the new evidence." *Id*.

(citation omitted).  Finally, a plaintiff can show "good cause" by demonstrating "a reasonable

---

[1] The Court notes Plaintiff makes passing reference to the ALJ's treatment of the mental impairment questionnaire completed by Plaintiff's psychiatrist Dr. Kondapaneni and claims that the ALJ "selectively cited" aspects of Dr. Kondapaneni's records "and the R&R accepted this appraoch [sic]."  (Obj., at 5-6).  The Court finds that this conclusory statement which lacks any specific reference to the Report and Recommendation, analysis or citation to case law does not constitute a proper objection and therefore declines to address it. *See Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) ("The parties have the duty to pinpoint those portions of the magistrate's report that the district court must specially consider.").  Moreover, the Sixth Circuit has "consistently" held that "arguments adverted to in only a perfunctory manner, are waived." *Kuhn v. Washtenaw Cnty*., 709 F.3d 612, 624 (6th Cir. 2013); *see also Dillery v. City of Sandusky*, 398 F.3d 562, 569 (6th Cir. 2005).

justification for the failure to acquire and present the evidence for inclusion in the hearing before the ALJ." *Id.* (citation omitted).

Here, Plaintiff argues that the Magistrate Judge erred in finding that her new evidence, attached to her motion for remand, was not "material". Plaintiff claims that the Magistrate Judge erred in ignoring the "longitudinal nature of the medical evidence" which suggests that her back condition began in May or June 2012 and continued to worsen until March 2013 when she underwent two back surgeries.

Plaintiff's argument is without merit. Plaintiff herself admits that "[c]ertainly Plaintiff's spinal abnormalities were not fully manifested prior to the ALJ hearing." (Obj. at 7). Plaintiff then contends without any case law or legal analysis that because the "short time frame involved" the remand should be granted. The Court finds, however, that while Plaintiff's evidence does suggest that her condition continued to worsen after the November 2012 administrative decision, the new medical evidence is not relevant or material to her condition as of November 2012. *See Oliver v. Sec'y of Health and Human Servs.*, 804 F.2d 964, 966 (6th Cir. 1986) ("[c]laimant argues that the evidence shows his condition has worsened since the Secretary's decision was made. While this may be true, it does not affect the Secretary's 1983 decision."); *see also Wyatt v. Sec'y of Health and Hum. Servs.*, 974 F.2d 680, 685 (6th Cir. 1992) ("Evidence of a subsequent deterioration or change in condition after the administrative hearing is deemed immaterial."). Plaintiff has failed to show that the ALJ would have reached a different decision regarding Plaintiff's back pain in November 2012 given the new evidence, especially because the new evidence provides that Plaintiff's acute back pain arose some two months after the administrative decision. (*See* ECF No. 11, Ex. 1, at 8-11, 56, 61). As the

Magistrate Judge properly noted, where a claimant's condition has worsened since the administrative decision, the proper remedy is to initiate a new claim for benefits rather than seek a Sentence Six remand. *See Sizemore v. Sec'y of Health & Human Servs*., 825 F.2d 709, 712 (6th Cir. 1988).

Accordingly, the Court denies Plaintiff's objection and finds that her request for a Sentence Six remand was properly denied by the Magistrate Judge.

## IV. CONCLUSION

For all these reasons, the Court DENIES Plaintiff's Objection (ECF No. 18), ADOPTS the Report and Recommendation (ECF No. 17), DENIES Plaintiff's Motion for Remand (ECF No. 11), and GRANTS Defendant Commissioner's Motion for Summary Judgment (ECF No. 15).

IT IS SO ORDERED.

s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: October 8, 2015

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on October 8, 2015.

s/Deborah Tofil
Case Manager